# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * *  | |
| CHRISTOPHER LANE, * | |
| * | No. 19-501V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: October 15, 2025 |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * *  | |

<u>Diana Lynn Stadelnikas</u>, Maglio Christopher and Toale, Sarasota, FL, for Petitioner;
<u>Sarah Black Rifkin</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Christopher Lane's motion for final attorneys' fees and costs. He is awarded **$259,221.54**.

\*   \*   \*

On April 4, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

that an influenza ("flu") vaccine he received on November 1, 2017, caused him to develop immune thrombocytopenia. On August 29, 2024, the parties filed a proffer which the undersigned adopted as his decision on September 4, 2024. Decision Awarding Damages, issued Sept. 4, 2024.

On February 28, 2025, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $235,962.40 and attorneys' costs of $23,581.21, for a total request of $259,543.61. Fees App. at 1-2. Petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. at 2; Ex. 97. On March 4, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner filed a reply, and then on September 17, 2025, petitioner supplemented his motion with additional documentation inadvertently omitted from his initial filing. See Ex. 100.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested by petitioner for the work of his counsel at Maglio Christopher and Toale. Most of the attorney work was done by either Ms. Diana Stadelnikas, who is currently undersigned counsel, or Mr. Theodore Hong. Ms. Danielle Strait also provided a small amount of supporting work. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case. See Kazery v. Sec'y of Health & Human Servs., No. 17-1415V, 2022 WL 1052691, at *2 (Fed. Cl. Spec. Mstr. Mar. 9, 2022); see also, Hitchcock v. Sec'y of Health & Human Servs., No. 21-2184V, 2024 WL 5378343, at *2 (Fed. Cl. Spec. Mstr. Dec. 20, 2024).

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of $235,962.40.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $23,581.21 in attorneys' costs. Fees App. at 1. This amount is comprised of postage, obtaining medical records, medical literature, and legal research fees. See Exs. 96, 100. Although petitioner provided receipts and supporting documentation for the majority of these expenses, there were no receipts for the following costs:

- 05/11/2022: 5/10/22 - NATURE ARTICLE PDF - medical literature - $32.00;
- 12/14/2022: ELSEVIER INC. - Medical literature - $31.50;
- 01/18/2023: Thomson Reuters for legal research December 2022 Inv. #847656516 - $28.83
- 01/09/2024: Redding Family Medical Group Inc - Medical Records - ARC Records - $60.10
- 09/06/2024: Thomson Reuters for legal research August 2024 Inv. #850748784 - $293.24

Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." Solomon v. Sec'y of Health & Hum. Servs., No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting Ceballos v. Sec'y of Health & Hum. Servs., No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)).  Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." Erickson v. Sec'y of Health & Hum. Servs., No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999).  The medical record and the medical literature requests seem reasonable, and the undersigned will grant those costs. However, without an invoice, the undersigned cannot gauge the reasonableness of the "legal research" costs. Accordingly, **$322.07** will be deducted from the award of costs.

Petitioner also requests reimbursement for work performed by hematologist, Jerry L. Spivak, M.D., at an hourly rate of $500.00, for 41 hours, totaling $20,500.00. Dr. Spivak is board-certified in internal medicine and hematology. Ex.

38 at 1. At the time of his first expert report in 2021, he was professor emeritus at Johns Hopkins University School of Medicine, and prior to that was a professor of medicine and oncology, and a physician at the same institution. Id. Dr. Spivak was first licensed in New York in 1968, and Maryland in 1969, giving him more than 50 years of experience at the time of his expert reports. Given Dr. Spivak's extensive experience and credentials, the undersigned finds that $500.00 per hour is a reasonable hourly rate for his work, and that the hours he billed in this case are also reasonable.

Petitioner has provided adequate documentation supporting the remainder of the requested costs, and respondent has not identified any specific costs as objectionable. Accordingly, petitioner is awarded final attorneys' costs in the amount of **$23,259.14**.

    D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$259,221.54** (representing $235,962.40 in attorneys' fees and $23,259.14 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

    **IT IS SO ORDERED**.

                                                <u>s/Christian J. Moran</u>
                                                Christian J. Moran
                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.